## No. 646

### DAVIS, Agt. v. SAP

Ohio Appeals, 9th Dist., Summit Co.

Decided March 21, 1922

355. DAMAGES—Where an excavating landowner is damaged by the falling of a wall of an adjoining landowner, the former exercising due care and notifying the latter of his intention of excavating; and where the latter of his intention of excavating; and where the latter was guilty of negligence in construction, the former is entitled to recover damages.

PARDEE, P. J.

Jacob Sap brought an action against Davis, agent, representing the defendant railroad company, in the Summit Common Pleas, claiming damages as a result of the retaining wall of the railroad falling into Sap's excavation on his property which he was improving.

The excavation dug by Sap was less than nine feet in depth; the railroad company having been notified of his intention to erect a building. Damages were claimed by reason of expenses incurred by removal of dirt and debris cahsed by the falling of the Company's wall on two different occasions.

The company claimed that Sap by depriving the retaining wall of its lateral snpport caused it to fall; and that it is therefore not liable.

Judgment in the Common Pleas was for Sap. The Court of Appeals on error proceedings held:

1. The right of lateral support to the soil itself is a property right universally recognized by courts; and support cannot be taken away by one adjoining owner from the property of another without his being liable in damages therefore.

2. This right is extended to buildings or improvements upon adjoining land increasing the downward and lateral pressure, by 3782 and 3783 GC.

3. It is established that the damages were caused by the weight of the wall upon the company's property; and there would have been no damage except for the construction of the wall.

4. The retaining wall depended upon Sap leaving his property in its natural state and furnishing support to said wall to prevent it from sliding down.

5. The Company had no right to expect this as Sap had a right to use his property in any lawful manner he saw fit.

6. Sap not being guilty of negligence, the company is in the same position as though it had constructed a building upon its land and through its own negligence the same had fallen upon Sap's land to his damage.

7. Sap is entitled to recover from the company, the amount of damages sustained by him.

Judgment of Common Pleas affirmed.

**Attorneys**—Frank, Ream & Wise for Davis; Rockwell & Grant for Sap; all of Akron.